**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
KAMMAS & COMPANY, INC.,

        Plaintiff,

      v.                              NO. 07 CV 3469 (PKL)

                                          Jury Trial Demanded

ONE WORLD CAPITAL GROUP, LLC,

        Defendant.

------------------------------------------------------------- x

## DEFENDANT ONE WORLD CAPITAL LLC'S ANSWER TO THE COMPLAINT

Defendant One World Capital Group LLC ("One World Capital") answers Kammas's Complaint ("Complaint") as follows. The Paragraph numbers indicated herein correspond to those set forth in the Complaint as filed by Kammas & Company, Inc. ("Kammas").

### JURISDICTION

1. One World Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. One World Capital admits that it is a New York Limited Liability Company duly organized under the laws of the state of New York with offices at 590 Madison Avenue, New York, New York 10022 and at 525 Chestnut Street, Second Floor, Winnetka, Illinois 60093.

3. One World Capital admits that the amount in controversy exceeds $150,000.

4. Paragraph 4 states legal conclusions to which no response is required and to the extent a response is necessary One World Capital denies the remaining allegations in Paragraph 4.

## AND AS FOR A FIRST CAUSE OF ACTION

## ADVISORY SERVICES AGREEMENT

5.     One World Capital admits that attached to the Complaint as Exhibit A is an Agreement that purports to be an Advisory Services Agreement executed on or about January 24, 2006, between One World Capital and Kammas; One World Capital denies the remaining allegations in Paragraph 5.

6.     One World Capital denies the allegations in Paragraph 6 except that One World Capital admits that attached to the Complaint as Exhibit A is an Agreement that purports to be an Advisory Services Agreement executed on or about January 24, 2006, between One World Capital and Kammas.

7.     One World Capital denies the allegations in Paragraph 7.

8.     One World Capital denies the allegations in Paragraph 8.

9.     One World Capital admits that it received a letter, dated March 12, 2007 from the law firm of Drohan & Drohan demanding that One World Capital pay certain amounts that Kammas apparently contends are due to Kammas; One World Capital denies the remaining allegations in Paragraph 9.

10.    One World Capital denies the allegations in Paragraph 10.

11.    One World Capital denies the allegations in Paragraph 11.

12.    Paragraph 12 states legal recitations and conclusions to which no response is required and to the extent a response is necessary, One World Capital denies the remaining allegations in Paragraph 12.

## AS AND FOR A SECOND CAUSE OF ACTION

## INTRODUCING BROKER AGREEMENT

13.     One World Capital admits that annexed to the Complaint as Exhibit B is a document entitled Introducing Broker Agreement ("IBA") and denies the remaining allegations in Paragraph 13.

14.     One World Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 14.

15.     One World Capital admits that on November 10, 2006, One World Capital executed and transmitted an Introducing Broker Agreement that is attached hereto as Exhibit 1; One World Capital denies the remaining allegations in Paragraph 15.

16.     One World Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Paragraph 17 states legal conclusions to which no response is required and to the extent a response is necessary One World Capital denies the remaining allegations in Paragraph 17.

18.     One World Capital denies the allegations in Paragraph 18.

19.     One World Capital denies the allegations in Paragraph 19.

20.     One World Capital admits that it received a letter, dated March 12, 2007 from the law firm of Drohan & Drohan demanding that One World Capital pay certain amounts that Kammas apparently contends are due to Kammas; One World Capital denies the remaining allegations in Paragraph 20.

21.     One World Capital denies the allegations in Paragraph 21.

22. Paragraph 22 states legal recitations and conclusions to which no response is required and to the extent a response is necessary, One World Capital denies the remaining allegations in Paragraph 22.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

24. Kammas's material breach of the Advisory Services Agreement and the IBA by, among other things, failing and refusing to abide by the terms of said agreements and breaching fiduciary duties and obligations arising from the agreements released and discharged One World Capital from any and all alleged obligations under the Agreement or any other contract.

### THIRD AFFIRMATIVE DEFENSE

25. In the alternative, One World Capital reserved the right to terminate immediately, upon justifiable grounds, the Advisory Services Agreement and whatever form of IBA controlled the relationship between the parties; and One World Capital terminated the Advisory Service Agreement and that IBA upon justifiable grounds.

### FOURTH AFFIRMATIVE DEFENSE

26. The Complaint fails to allege facts, or a cause of action, sufficient to support a claim for attorneys fees.

### FIFTH AFFIRMATIVE DEFENSE

27. One World Capital is entitled to judgment founded on documentary evidence, and Kammas's claims should be dismissed on this basis.

### SIXTH AFFIRMATIVE DEFENSE

28. Kammas is barred from obtaining any relief under the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

29.    Kammas's claims are barred, in whole or in part, by the doctrines of laches, waiver, and equitable estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

30.    Kammas is not entitled to relief under the terms of any agreement between the parties.

**NINTH AFFIRMATIVE DEFENSE**

31.    Kammas has failed or neglected to use reasonable care for its own protection and to minimize loss and damages, if any exist, and any recovery is therefore barred or proportionately reduced.

**TENTH AFFIRMATIVE DEFENSE**

32.    Kammas will be unjustly enriched if Kammas is allowed to recover any or part of the damages alleged in Kammas's Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

33.    Kammas's claims for relief are barred in whole or in part by the Statute of Frauds.

**TWELFTH AFFIRMATIVE DEFENSE**

34.    One World Capital intends to rely upon and reserve its right to assert other and related defenses, as may become available.

## **RELIEF REQUESTED**

WHEREFORE, One World Capital prays for judgment as follows:

1.     That this Court enter judgment in its favor dismissing Kammas's claims with prejudice, and awarding One World Capital its costs and attorneys' fees incurred in defending against those claims, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  June 21, 2007

New York, New York

WINSTON & STRAWN LLP

By:   /s Edward C. Wipper
David E. Mollon (DM-5624)
Edward C. Wipper (EW-6140)
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
*Attorneys For Defendant One World Capital Group LLC*

NY:1116750.1

- 6 -