USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMMAS & COMPANY, INC.,  )  ECF Case
                         )
           Plaintiff,    )  Civil Action No.:
                         )  NO. 07 CV 3469 (PKL)
v.                       )
                         )  **CIVIL CASE MANAGEMENT**
                         )  **PLAN AND SCHEDULING ORDER**
ONE WORLD CAPITAL GROUP, LLC,  )
                         )
           Defendant.    )
                         )

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26 (f) of the Federal Rules of Civil Procedure.

A.    All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

B.    This case is to be tried to a jury.

C.    Amended pleadings may be filed without leave of Court and additional parties may be joined within 30 days from the date of this Order.

D.        Discovery

   1.    Documents. First request for production of documents, if any, must be served so by October 1, 2007. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item below.

   2.    Interrogatories. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by October 1, 2007. No other interrogatories are permitted except upon prior express permission of Judge Leisure. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

   3.    Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by February 29, 2008. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by March 31, 2008. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

NY:1115044.1

4. <u>Depositions.</u> All depositions (including any expert depositions, see item 3 above) must be completed by April 30, 2008. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5. <u>Requests to Admit.</u> Requests to Admit, if any, must be served by April 1, 2008.

6. All discovery is to be completed by April 30, 2008. Interim deadlines for 1–5 above may be extended by the parties on consent without application to the Court, provided parties are certain they can still meet the discovery completion date set forth in this paragraph, shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E. Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought after a pre-motion conference has been requested by the intended moving party. Motion filing schedules will be set at the premotion conference. The parties are instructed to furnish chambers with courtesy copies of all motion papers at the same time as their exchange among the parties.

F. A final pre-trial conference shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G. All motions and applications shall be governed by Judge Leisure's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

H. Additional matters:

(a) <u>Protective Order:</u> The parties anticipate the need for a protective order relative to the disclosure and use of competitive, trade secret or otherwise confidential information. The parties will attempt to agree on the form of a protective order and will file a motion requesting entry of such order.

(b) <u>Discovery of Electronically Stored Information:</u> The parties shall produce electronic documents responsive to non-objected to written discovery requests either by producing such documents (1) in their original format, or (2) at the election of the producing party and with the consent of the requesting party, by producing such documents in a format compatible with the electronic document review system specified by the requesting party. Except to the extent specifically requested in a particular document request(s), neither party shall be required to search back-up tapes or to forensically restore electronic files deleted prior to the commencement of this action. The parties shall preserve and continue to preserve back-up tapes of their e-mail and document servers that existed at the time of the commencement of this lawsuit. Except to the extent specifically requested in a particular document request(s), neither party shall be required to search for or produce metadata in response to requests for production. Nothing herein shall preclude any party receiving a request for the production of information contained

on back-up tapes or in deleted files, or for metadata to object to such request on any permissible grounds.

The parties agree to conduct a meet and confer in July 2007 for the purpose of addressing issues concerning the discovery of electronically stored information, if any, arising from the parties' initial requests for production of documents.

(c) <u>Inadvertent Production of Privileged Documents or Information:</u> Inadvertent production of documents or information to which a producing party claims protection of the work product or the attorney-client privilege ("Materials") shall not be considered by the Court in deciding whether the Materials are subject to any privilege provided that the producing party shall notify the receiving party, in writing, of such inadvertent production no later than ten (10) days after the first time the producing party learns of the use of any such Materials by the receiving party ("Notice"). In no event shall inadvertent disclosure of Materials constitute a waiver of any privilege applicable to other Materials not produced that are of the same subject matter as the Materials inadvertently produced. Such inadvertently produced Materials (and all copies, if any) shall be returned to the producing party upon request within five (5) business days of a Notice unless the receiving party in good faith asserts that the Materials at issue are not properly subject to any privilege, in which case the Materials at issue shall be sequestered by the receiving party and used by the receiving party for no purpose other than a motion to the Court for a determination as to whether the Materials are subject to any privilege, pending resolution by the Court of such motion. In the event the receiving party in good faith asserts that the Materials at issue are not properly subject to any privilege, then within ten (10) business days of a Notice, the receiving party shall move the Court to resolve the issue by presenting the Materials at issue to the Court under seal. If the receiving party fails to so petition the Court within such time, it shall return the Materials (and all copies, if any) to the producing party. Materials subject to a Notice shall not be disclosed to any person other than the receiving parties' counsel or the Court under seal, and shall not be used during deposition, at trial or otherwise, unless a satisfactory agreement to do so is reached by the parties, or if the matter is submitted to the Court, until disposition of such motion. Disclosure, prior to the receipt of a Notice, to persons not authorized to receive such information shall not be deemed a violation of this Order provided the party making such disclosure takes reasonable steps to retrieve the Materials disclosed and thereafter treats such Materials in accordance with this Order.

SO ORDERED

_____
Peter K. Leisure
United States District Judge

Dated: New York, New York
       7/26/07